**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS ENRIQUE MENDEZ-MAJARRES,

     Petitioner,

v.                                 No. 2:26-cv-00030-DHU-SCY

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director
of U.S. Immigration and Customs Enforcement; DAREN K.
MARGOLIN, Director, Executive Office for Immigration
Review, in his official capacity; MARY DE ANDA-YBARRA,
in her official capacity as Acting Director of the New Mexico Field
Office of ICE, Enforcement and Removal Operations encompassing the
ERO Albuquerque Sub-Office; and GEORGE DEDOS, Warden of the
Torrance County Detention Center,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Carlos Enrique Mendez-Majarres'

Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the

record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Venezuela who entered the United States without

inspection on September 15, 2021. *Id*. at 27. Petitioner has no criminal history. *Id.* at 8.

Following his entry, Petitioner established a life in the United States. He met his now wife

and lived with her in Texas. *Id.* He also applied for Temporary Protected Status ("TPS") and for

an Employment Authorization Document, better known as a work permit, which were both

approved. *Id.* at 7-8. His TPS and EAD remained valid through October 6, 2026. *Id.*

On October 15, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner

at a scheduled check-in in Texas despite his valid TPS. *Id.* The Department of Homeland Security

("DHS") subsequently issued Petitioner a Notice to Appear, charging him as a noncitizen present in the United States without being admitted or paroled, and placed him in removal proceedings. *Id.* at 8, 27. He was eventually transferred to the Torrance County Detention Center in Estancia, New Mexico, where he remains detained. *Id.* at 6. His removal proceedings remain pending. *Id.*

Petitioner subsequently filed the instant Petition, arguing that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process of the Fifth Amendment.[1] *Id.* at 12-15. Petitioner specifically argues that his detention is governed by 8 U.S.C. § 1226(a) and that he is, therefore, entitled to an individualized bond hearing. *Id.* at 13. Petitioner further argues that his continued detention without a bond hearing violates the Due Process Clause. *Id.* at 13-15. He requests a Writ of Habeas Corpus ordering Respondents to provide him with an individualized bond hearing under § 1226(a) within seven (7) days. *Id.* at 20. Petitioner also requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 21.

Respondent's position is that Petitioner is subject to 8 U.S.C. §1225(b)(2)(A) based on the plain language of that statute. *Id.* at 2. Respondents, however, concede that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026) "on facts substantially similar to those currently before the Court." *Id.*

Petitioner does not make any arguments specific to his valid TPS, nor do Respondents respond to any such arguments. *See* Docs. 1, 6.

The INA contemplates two detention regimes for noncitizens with pending removal proceedings. The first, 8 U.S.C. § 1225, "governs the processing of noncitizens at the Nation's

---

[1] Petitioner also argues that his continued detention without a bond hearing violates the Administrative Procedure Act ("APA"). *Id.* at 15-17. However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

borders and ports of entry." *Santillan Quiroz v. Mullin*, __F.4th__, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (internal quotation marks and citation omitted). This includes noncitizens subject to expedited removal under § 1225(b)(1) and certain applicants seeking admission into the country under § 1225(b)(2). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. Accordingly, the "only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* at *7. Section 1225 mandates detention and affords no bond hearing. *Id.* at *3. (citing §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), and (b)(2)(A)).

The second, 8 U.S.C. § 1226(a), governs the detention of "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Id.* at *5. Section 1226(a) provides eligibility for bond and noncitizens detained under this Section are, therefore, entitled to an individualized bond hearing at the outset of detention. *Id.* at *3; *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018).

Here, Petitioner entered the United States without inspection in 2021 and was detained over four years later in Texas. His detention is, therefore, governed by § 1226(a). Moreover, Respondents concede that the facts here are "substantially similar" to those in *Requejo Roman*, where this Court also found that a petitioner's detention was governed by § 1226(a). 816 F.Supp.3d at 1282. Petitioner is, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner as subject to § 1225(b)(2)(A), and refusal to provide him with a bond hearing, violated the INA and Petitioner's due process rights.

The Court recognizes that, ordinarily, it would order Respondents to provide Petitioner with an individualized bond hearing to protect Petitioner's rights under the INA and the Due

3

Process Clause. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n. 13 (citing *Requejo Roman*, 816 F.Supp.3d at 1285). Here, however, the Court cannot ignore that Petitioner was detained by Respondents not only without an individualized bond hearing, but despite having valid TPS. Accordingly, given that this Court has broad equitable powers to craft habeas relief, *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992), and to dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243, the Court finds that appropriate remedy in this case is Petitioner's immediate release, *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order. Respondents may impose conditions of release upon him.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, July 23, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4